*December*, 1822.

Peters *against* Johnson and Connally.

*1, In trover it is not Error to allege that the goods came to defendant's possession by finding or otherwise.*
*2, We find for the plaintiff $583 sufficient verdict on general issue.*
*3, Verdict may be for more than the amount claimed by the indorsement of the Writ.*
*4, "Therefore it is considered that the plaintiffs recover the said damages " is sufficient judgment.*

JOHNSON and *Connally* brought an action of Trover against *Peters* in the Superior Court of *Mobile* County. By the indorsement on the writ, they stated that their action was to recover damages to the amount of $407$\frac{10}{100}$, the value of 362 cedar logs. In the writ and declaration the damages were laid at $800. In the declaration it is alleged that the logs came to the possession of *Peters* by finding or otherwise. Plea, not guilty, and issue thereon. The verdict and judgment are entered as follows: "We, the Jury, find for the "plaintiffs the sum of five hundred and eighty-three dollars. "Therefore it is considered, that *John Johnson* and *John* "*Connally* do recover against the said George P. Peters the "said damages by the Jurors aforesaid, in form aforesaid "given," &c. Peters brought his writ of Error to the general Court of the territorial government. The matters assigned as Error appear in the

Peters
v.
Johnson and
Connally.

Opinion of the Court delivered by Judge *Crenshaw.*

In the action of Trover, the allegation that the goods came to the defendant's possession by finding is a mere fiction of law. It is not necessary that it should be proved, nor is it material that it should appear how they came to his possession. The words "by finding or otherwise," may be rejected as surplusage. At any rate, the defective statement (if it be defective) is cured by the verdict.

The Jury, on the issue of guilty or not guilty, "find for the "plaintiffs $583." To conclude that this finding was not predicated on their conclusion that the defendant was guilty, we must suppose them to have been destitute of common sense. It is no distortion of language to say that by the sense and meaning of the verdict, the issue is found for the plaintiffs, and their damages assessed. From the Record it sufficiently appears that the judgment was given by the Court, and not by the clerk, as was contended in the argument. It would be strange doctrine to presume every thing, or any thing, against, and nothing in favour of, a judgment. I will not imagine that it was the consideration of the clerk and not of the Court. The other assignments have been abandoned.

It is the unanimous opinion of the Court that the judgment be affirmed.

*Crawford* and *Hitchcock* for plaintiffs.

*Elliott* for defendant in Error.